(March 14, 2003)

■ In the Matter of KENNETH P. WHITING III, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [755 NYS2d 672] —Per Curiam. Respondent was admitted to practice by this Court in 1978. He maintains an office for the practice of law in the City of Binghamton, Broome County.

Having granted a motion by petitioner for an order declaring that the petition of charges and respondent's answer raised no factual issues and having subsequently heard respondent in mitigation, we now find respondent guilty of the following professional misconduct in violation of the attorney disciplinary rules (*see* 22 NYCRR part 1200). During 1999 and 2000, respondent issued checks and made wire transfers from his escrow account which exceeded the amount of corresponding deposits (*see* Code of Professional Responsibility DR 1-102 [a] [5], [7]; DR 9-102 [a] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (a)]) and made disbursements from the escrow account on behalf of a trust but failed to promptly provide the trust with a requested accounting (*see* DR 1-102 [a] [5], [7]; DR 9-102 [c] [22 NYCRR 1200.3 (a) (5), (7); 1200.46 (c)]). Respondent also improperly commingled funds in the escrow account by making deposits into the account of personal or nonclient funds. He also improperly commingled funds by depositing legal fees into the account which he then failed to withdraw within a reasonable period of time (*see* DR 9-102 [a] [22 NYCRR 1200.46 (a)]). Respondent also made withdrawals from the escrow account by wire transfer without the required written approval of the party entitled to the proceeds, improperly issued two checks on the escrow account payable to cash (*see* DR 9-102 [e] [22 NYCRR 1200.46 (e)]) and failed to properly title his escrow account (*see* DR 9-102 [b] [22 NYCRR 1200.46 (b)]).

It does not appear that any client suffered actual monetary loss because of respondent's misconduct. Nor does it appear that respondent was enriched. Rather, respondent's failure to strictly follow the rules of professional conduct designed to safeguard client funds resulted in unintentional exposure of such funds to potential loss. Respondent has an excellent professional reputation in his community and fully cooperated with petitioner's investigation.

In view of all of the above, we conclude that respondent should be censured for his professional misconduct.

Mercure, J.P., Peters, Carpinello, Lahtinen and Kane, JJ., concur. Ordered that respondent is found guilty of professional

misconduct as charged in the petition; and it is further ordered that respondent is censured.